IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00086-RJC-DSC

| | | |
|---|---|---|
| USA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN HENRY MOORE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's Motion to Stay Pending Petition for Mandamus. (Doc. No. 37).

The defendant seeks the Court's recusal pursuant to 28 U.S.C. § 455(a), (b)(1), and (b)(3), based on the undersigned's prosecution of the defendant's 1989 bank robbery conviction as an Assistant United States attorney. (Doc. No. 35: Motion at 2). If the defendant is convicted of the instant offense, that prior offense may be relevant to the defendant's sentencing under 18 U.S.C. § 3559(c). (Id. at 1). Yet, the defendant now requests that the Court stay the trial of this case pending the filing and resolution of a Petition for Mandamus challenging the denial of his Motion to Recuse, (Oral Order, Sept. 30, 2019; Doc. No. 39: Tr. at 4).

The Court finds that a stay is not warranted because any allegation of bias or question of impartiality would only become relevant if the defendant is convicted at trial and if the government pursues an enhanced sentence under § 3559(c). The trial of this case has been continued three times on the defendant's motions, (Doc. Nos. 8, 10, 17); therefore, further delay conflicts with the orderly administration of

justice.  The defendant will not suffer any irreparable injury from proceeding to trial because he has not alleged a basis for recusal affecting the guilt/innocence phase.  A stay would impose a burden on the government and its witnesses who are prepared for trial. (See e.g. Doc. No. 26: Request for notice of alibi/insanity defense; Doc. No. 27: Request for reciprocal discovery; Doc. No. 38: Amended notice of intent to call expert witness).  Finally, judicial economy would not be promoted by a stay of the trial since the defendant has only raised an issue of recusal relating to potential sentencing. See United States v. Simon, --- F.3d --- (7th Cir. 2019) (finding no basis for recusal of judge from presiding over felon-in-possession case who supervised prosecution of prior case used to enhance sentence under Armed Career Criminal Act).

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Stay Pending Petition for Mandamus, (Doc. No. 37), is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, the Federal Public Defender, and to the United States Attorney.

Signed: October 2, 2019

Robert J. Conrad, Jr.
United States District Judge