# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CRIMINAL DOCKET NO. 3:19-CR-00086-RJC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **JOHN HENRY MOORE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on appointed counsel Steven T. Meier's "Motion to Withdraw as Attorney of Record" (document #60) filed on September 14, 2020.  Defendant is scheduled for a status conference before the Honorable Robert J. Conrad, Jr. on September 21, 2020.  The Court held a hearing on this matter on September 16, 2020. The Court heard from Mr. Meier, the Defendant and the Government.

Defendant was arrested on March 25, 2019.  He is charged in a Bill of Indictment with two counts of Hobbs Act Robbery pursuant to 18 U.S.C. § 1951 (Counts One and Three); one count of brandishing a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two); and one count of possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g) (Count Four).

Defendant has a troubling history of conflict with appointed counsel in this case.  On June 7, 2019, the Court received a letter from Defendant requesting that his appointed counsel, John Parke Davis, be removed from his case. See Doc. 12. The Court held a hearing on June 17, 2020

where defense counsel informed the Court that Defendant believed a video recording was missing. The Court found that the Government and defense counsel credibly represented that all relevant video recordings were included in discovery. That Motion was denied. <u>See</u> Doc. 14. On July 10, 2019, the Court received another letter from Defendant alleging that the hearing was unfair because temporary counsel was not appointed to represent him. <u>See</u> Doc. 16. The Court denied that Motion as raising the same issues previously considered. <u>See</u> Text-only Order, July 10, 2019. On August 23, 2019, the Court received a letter from Defendant complaining that counsel failed to file suppression motions, interview witnesses, file a Brady motion, and retain an expert to examine a recording where there is a "part that is cut out." Doc. 25. On September 4, 2019, Judge Conrad denied Defendant's Motion finding that his "allegations about counsel's preparation for trial and his litigation strategy do not establish good cause for new appointed counsel." Doc. 28. On September 16, 2019, the Court received a letter from Defendant with similar allegations. <u>See</u> Doc. 31. On that same day, the Court entered a Text Order stating "The Court has denied three previous Motions seeking removal of appointed counsel (doc. 14, Text Order dated 7-10-19, and doc. 28). This Motion does not state adequate grounds for removal of counsel. So Ordered."

The Court has received three additional letters regarding issues with defense counsel. <u>See</u> Docs. 45, 46 and 48. Defendant also filed a pro se Motion seeking to represent himself. <u>See</u> Doc. 49. On April 28, 2020, the Court held a hearing regarding status of counsel and granted Defendant new counsel. Mr. Meier was appointed to represent Defendant on April 29, 2020.

In the instant Motion, Mr. Meier represents that Defendant wants new counsel appointed or in the alternative, wants to represent himself.

For the reasons stated in the Motion and at the hearing, the Court **grants** the Motion to Withdraw. Defendant has requested new appointed counsel. The Court expressed concern that Defendant will continue to resist and obstruct the efforts of any lawyer who undertakes to represent him. The Court advised Defendant that the circumstances of his case will not change with the appointment of new counsel. The Court also repeated its earlier explanation regarding which decisions are made by Defendant and which are reserved for counsel, such as the filing of motions. Despite Defendant's lack of cooperation with two prior lawyers, he faces serious charges and remains entitled to appointed counsel. The Court directs the Federal Defender to assign new counsel.

The Clerk is directed to send copies of this Order to defense counsel, the Government and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: September 17, 2020

David S. Cayer
United States Magistrate Judge