# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:19-CR-00086-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| JOHN HENRY MOORE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Compel Immediate Disclosure of Existence of Promise of Immunity, Leniency or Preferential Treatment and Motion for Disclosure of Impeaching Information and Supporting Memorandum of Law," Doc. 94, Defendant's "Motion for Access to Tools for Preparation of Trial," Doc. 105, Defendant's "Brady Motion," Doc. 106, and Defendant's Motion to Compel Discovery, Doc. 112.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Court has fully considered the arguments, the record, and the applicable authority.

In his Motion to Compel, Doc. 94, Defendant requests information regarding any promises of immunity, leniency or preferential treatment made to any Government witness. In its Response, Doc. 117, the Government states that it "has no intention of calling any such witnesses at the trial in this matter. Should that change the Government will notify the defendant in a timely manner." For this reason, Defendant's "Motion to Compel…," Doc. 94, is **DENIED**.

In his "Motion for Access to Tools for Preparation of Trial," Doc. 105, Defendant seeks access to research materials and in person contact visits with standby counsel to prepare for trial. The Court does not exercise any authority over the Mecklenburg County Sheriff's Office and directs standby counsel and the Government to address these issues to facilitate Defendant's preparation for trial. For this reason, Defendant's "Motion for Access to Tools for Preparation of Trial," Doc. 105, is **DENIED** without prejudice pending resolution of these issues by standby counsel and the Government.

In Defendant's "Brady Motion," Doc. 106, he seeks an order from the Court directing the Government to turn over several discovery items. In its Response, Doc. 111, the Government credibly represents that it has provided all discovery materials to Defendant. The Government also represents that it intends to comply with all of its obligations under Brady and the Court's Standard Criminal Discovery Order and will work with stand-by counsel to resolve any discovery issues. Based upon the foregoing, the Court finds that the Government is in compliance with its obligations under Brady. Consequently, Defendant's "Brady Motion," Doc. 106, is **DENIED**.

In Defendant's Motion to Compel Discovery, Doc. 112, he seeks the Warrants and inventories for the returns in 3:19-mj-49 and 3:19-mj-50. He notes that the Court ordered these documents to be provided to standby counsel on June 1, 2021. Defendant requests that these documents be sent directly to him. In its Response, Doc.115, the Government states that these matters are unsealed and it has no objection to Defendant's request. Doc. 115. Therefore, the Court **GRANTS** Defendant's Motion to Compel, Doc. 112, and directs the Clerk's Office to send all documents associated with the Warrants in 3:19-mj-49 and 3:19-mj-50 directly to Defendant at the Mecklenburg County Jail.

The Clerk is directed to send copies of this Order to pro se Defendant, standby counsel, the Government and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: July 16, 2021

David S. Cayer
United States Magistrate Judge