IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-86

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>JOHN HENRY MOORE )<br>) | ORDER |

**THIS MATTER** is before the Court upon the defendant's pro se[1] motions to suppress challenging federal search warrants related to his cellphones, (Doc. Nos. 89, 93), the government's response, (Doc. No. 96), and related pleadings. The Court denied the motions orally at the pretrial conference held on October 13, 2022, and writes to give its rationale.

I. BACKGROUND

The defendant is charged with robbing a Spectrum office on South Boulevard, Charlotte, North Carolina, on December 1, 2018, in violation of 18 U.S.C. § 1951, (Count One), and brandishing a firearm during that alleged crime of violence, in violation of 18 U.S.C. § 924(c), (Count Two). He is also charged with robbing a Publix grocery store in the same shopping area on December 10, 2018, in violation of 18 U.S.C. § 1951, (Count Three). Finally, the defendant is charged with possessing a Glock pistol on December 12, 2018, knowing he had been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), (Count Four). (Doc. No. 18: Superseding Indictment).

---

[1] The defendant waived his right to counsel on January 19, 2021. (Doc. No. 73).

Some evidence in the case resulted from the execution of federal search warrants for data on seized cellphones, (Case No. 3:19-mj-50, Doc. No. 1), and records from their providers, (Case No. 3:19-mj-49, Doc. Nos. 1, 2). The defendant claims that the warrants were not supported by probable cause; that the government unreasonably delayed seeking warrants for cellphone information; and that the government obtained cellphone material beyond the dates authorized by the warrants.

II. DISCUSSION

A. Standard of Review

Issues raised by the defendant involve the validity of the search warrants issued by a federal magistrate judge; therefore, a hearing is not necessary. "Whether probable cause for a search exists is a 'practical, common-sense' question, asking whether 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Blakeney, 949 F.3d 851, 859 (4th Cir. 2020) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). A magistrate judge's determination of probable cause is given "'great deference,'" and a reviewing court asks "only 'whether the judicial officer had a "substantial basis" for finding probable cause.'" Id. (quoting Gates, 462 U.S. at 236-38.

B. Substantial Basis

The defendant claims the federal warrants for the cellphones' data and records were not supported by probable cause. (Doc. No. 89: Motion at 17). The affidavits for the three warrants at issue were essentially similar, except that the

2

affidavit for the warrants seeking provider records gave justification for that information, (Case No. 3:19-mj-49, Doc. No. 1-2 at 5-6; Doc. No. 2-2 at 5-6), and the affidavit for the warrant seeking data from the cellphones did likewise, (Case No. 3:19-mj-50, Doc. No. 1-2 at 5-10).

The affiant was an FBI agent with 12 years' experience investigating criminal matters. He related facts about the two armed robberies, including the use of an iPhone 6 on Sprint PCS to call a cab to transport the Publix robbery suspect from the Lowe's across the street to the defendant's apartment on December 10, 2018, where the cellphone was located on December 12, 2018. (Case No. 3:19-mj-49, Doc. No. 1-2 at 1-5; Doc. No. 2-2 at 1-5; Case No. 3:19-mj-50, Doc. No. 1-2 at 1-5). The defendant had given the number associated with that cellphone to his federal probation officer for contacting him. (Id.). The other cellphone, an iPhone 8 plus on AT&T, was also found at the defendant's apartment along with a handgun and clothes similar to those used by the robber of the Spectrum and Publix stores. (Id.).

In the agent's experience, providers retain information on cellphone location, subscriber identification, and call records. which could be used to identify the suspect and any co-conspirators. (Case No. 3:19-mj-49, Doc. No. 1-2 at 5-6; Doc. No. 2-2 at 5-6). He further stated that cellphones store information, such as call logs, text messages, photographs, GPS location, and internet searches, which could constitute evidence of the robberies under investigation. (Case No. 3:19-mj-50, Doc. No. 1-2 at 5-10). Based on the information in each affidavit, the federal magistrate

3

judge had a substantial basis to find probable cause that records for the cellphones and data within them might contain evidence of the defendant's participation in the alleged robberies.

C. Delay

The defendant claims the government violated his Fourth Amendment rights by waiting 64 days from their seizure to seek the warrants for the cellphones' data and records. (Doc. No. 89: Motion at 17-18).

The defendant's argument rests on cases that are inapposite. They involve warrantless seizures of items to preserve potential evidence followed by unreasonable delay in obtaining warrants to search them, determine their relevance, and return them to their lawful owner if not incriminating. United States v. Mitchell, 565 F.3d 1347 (11th Cir. 2009) (hard drive); United States v. Pratt, 915 F.3d 266 (4th Cir. 2019) (cellphone); United States v. Burgard, 675 F.3d 1029 (7th Cir. 2012) (cellphone).

Here, the state search warrant for the defendant's apartment authorized the seizure of cellphones; thus, the defendant's possessory interest in them was diminished during the pendency of the case. (Doc. No. 186-2 at 2). Subsequent federal search warrants authorized obtaining records from Sprint PCS and AT&T, (Case No. 3:19-mj-49, Doc. Nos. 1, 2), and examining data in the cellphones, (Case No. 3:19-mj-50, Doc. Nos. 1, 2). The defendant has not shown that the Fourth Amendment requires officers to search items seized with judicial approval within a

4

particular time frame. He has also not shown any prejudice from the delay, such as the loss of information which could have been preserved with an earlier search or interference with his lawful use of the cellphones considering he was in custody. Therefore, this issue is without merit.

    D.    Scope

Next, the defendant claims a Fourth Amendment violation because the government allegedly obtained cellphone material beyond the dates authorized by the magistrate judge. (Doc. No. 93: Motion at 3).

As detailed above, search warrants were issued for records from Sprint PCS and AT&T, (Case No. 3:19-mj-49, Doc. Nos. 1, 2), and data in the cellphones, (Case No. 3:19-mj-50, Doc. No. 1). The government rightly notes that only the Sprint and AT&T warrants had date restrictions, November 1, 2018, to December 12, 2018, which it asserts were respected. (Doc. No. 96: Response at 1; Case No. 3:19-mj-49, Doc. No. 1-2 at 9, Doc. No. 2-2 at 9). The material that the defendant claims was improperly outside the date range, photographs and text messages, was obtained from the cellphones themselves. The warrant for such cellphone data did not contain a date restriction. (Case No. 3:19-mj-50, Doc. No. 1-2 at 13). Therefore, the defendant has not shown that the government exceeded the scope of the warrant.

III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's motions to suppress, (Doc. Nos. 89, 93), are **DENIED**.

5

Case 3:19-cr-00086-RJC-DSC   Document 223   Filed 11/02/22   Page 5 of 6

The Clerk is directed to certify copies of this Order to the defendant and to the United States Attorney.

Signed: November 2, 2022

_____
Robert J. Conrad, Jr.
United States District Judge