# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CR-00086-RJC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN HENRY MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Waive Counsel (Doc. 224) filed November 4, 2022. The Motion was referred to the undersigned Magistrate Judge on December 15, 2022. The Court conducted a hearing on December 20, 2022. Defendant, appointed counsel Rick Winiker, and First Assistant U.S. Attorney Lawrence Cameron were present.

Defendant was convicted of two counts of Hobbs Act Robbery pursuant to 18 U.S.C. § 1951 (Counts One and Three); one count of brandishing a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c) (Count Two); and one count of possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g)(1) (Count Four) following a jury trial on October 18, 2022. He is awaiting sentencing.

The United States Supreme Court held in <u>Faretta v. California</u>, 422 U.S. 806, 819 (1975), that the Sixth Amendment implicitly provides a criminal defendant an affirmative right to self-representation. To be effective, "[a]n assertion of the right of self- representation must be (1) clear

and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

The Court proceeded in accordance with Faretta. Defendant is fifty-nine years old and under no physical or mental disability. He is able to read and write. He has a high school diploma as well as some community college courses in various trades. Defendant has done masonry and carpentry work.

The Government summarized the charges and represented that Defendant is facing a mandatory life sentence. Defendant understands the charges and the possibility of a mandatory life sentence. The Court provided Defendant with a summary explanation of the sentencing process to include preparation of a pre-sentence report, Guidelines calculations, filing of objections, and allocution at the sentencing hearing. Defendant understands the sentencing process and posed no questions following the Court's explanation.

Defendant's answers to the Court's questions and his statements during the hearing indicate that he has made a clear and unequivocal as well as a knowing, intelligent and voluntary decision to represent himself and waive his right to counsel. The Court also finds that Defendant understands the consequences of representing himself. Finally, the Court finds that the request is timely. Therefore, for the foregoing reasons, Defendant's Motion to represent himself is **GRANTED**.

The Court also addressed whether or not to appoint standby counsel. The Fourth Circuit has held that "[a]lthough a court may, in its discretion, allow attorney participation [as standby counsel], the Constitution does not mandate it." U.S. v. Stewart, 129 F. App'x 758, 765 (4th Cir. 2005) (quoting U.S. v. Singleton, 107 F.3d 1091, 1097 n.2, 1100 (4th Cir. 1997)). See also

McKaskle v. Wiggins, 465 U.S. 168, 184 (1984) ("A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel-even over the defendant's objection-to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the pro se defendant's appearance of control over his own defense."). Given the totality of the circumstances and in an abundance of caution as this case proceeds to sentencing, the Court relieves Mr. Winiker as appointed counsel but directs that he remain as standby counsel for Defendant.

The Clerk is directed to send copies of this Order to the pro se Defendant, counsel for the Government, standby counsel, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: December 21, 2022

David S. Cayer
United States Magistrate Judge