IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00086-RJC-DSC

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN HENRY MOORE | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's pro se Motion for a New Trial pursuant to Rule 33, (Doc. No. 234), his Supplemental Motions, (Doc. Nos. 244, 250, 257), the government's Response in opposition, (Doc. No. 242), and the defendant's Reply, (Doc. No. 249). For the reasons stated below, the motions will be denied.

I. BACKGROUND

The defendant proceeded to trial pro se and was convicted of two Hobbs Act robberies, brandishing a firearm during a crime of violence, and possessing a firearm after being convicted of a felony. (Doc. No. 217: Verdict). He seeks a new trial under Federal Rule of Criminal Procedure 33(a) based on five claimed errors: (1) altered DNA samples with insufficient chain of custody, (2) unconstitutional searches of his apartment, (3) false testimony, (4) admission of his prior bank robbery conviction, and (5) insufficiency of the evidence. Under Rule 33, a new trial can be ordered if required in the interest of justice, but "a jury verdict is not to be overturned except in the rare circumstance where the evidence weighs heavily

against it." United States v. Burfoot, 899 F.3d 326, 340 (4th Cir. 2018) (internal quotation marks omitted).

II. DISCUSSION

    A.    DNA Evidence

The defendant argues that the government failed to establish the chain of custody for DNA samples and insists they were altered.[1] (Doc. No. 234: Motion at 1-6; Doc. No. 250: Supplemental Motion at 1). He also asserts that the government failed to seek the admission of the physical DNA exhibits, such as swabs and evidence packaging. (Doc. No. 250: Supplemental Motion at 2). "The district court's role is merely to act as a gatekeeper for the jury, and the proponent of the evidence need only make a prima facie showing of its authenticity." United States v. Summers, 666 F.3d 192, 201 (4th Cir. 2011). As the government rightly notes, (Doc. No. 242: Response at 4), "the district court needed only to satisfy itself that it was improbable that the original item had been exchanged with another or otherwise tampered with." Summers, 666 F.3d at 201.

Here, the government called witnesses responsible for the collection, packaging, transmission, and testing of the DNA swabs.[2] The defendant had the

---

[1] In his Reply, (Doc. No. 249), and a Supplemental Motion, (Doc. No. 250), the defendant asserts that a detective only used one swab in collecting a DNA sample, but an analyst performed testing on two swabs. The defendant explains in another Supplemental Motion, (Doc. No. 257), that upon viewing video evidence again it appears that the detective used two swabs. Accordingly, the Court will consider that issue withdrawn.

[2] (Doc. No. 238: Trial Tr. at 196-197 (Jamie Smith), 208-214 (Michelle Grant); Doc. No. 239: Trial Tr. at 278, 281, 283-284 (Elizabeth Talley)

2

opportunity to cross-examine each of the government's witnesses,[3] and he had the assistance of an appointed DNA expert, (Doc. No. 234: Motion at 3-4). He points to evidence logs, variations in packaging, and broken swab sticks, but has not shown affirmative evidence of tampering. The government's DNA analyst credibly testified that the broken sticks had no scientific significance and that she would not have performed any testing if the swabs were not properly sealed. (Doc. No. 239: Trial Tr. at 296-297). Accordingly, it was proper for the jury to consider the evidence and give it the weight it deserved, and a new trial is not required in the interest of justice based on the claims challenging the authenticity of the DNA samples.

B. Legality of Searches

The defendant claims that police violated his Fourth Amendment rights in searching his apartment at his arrest and later pursuant to a state search warrant. (Doc. No. 234: Motion at 6-7). The Court ruled on these issues prior to the trial, (Doc. No. 222: Order), and nothing in the instant motion establishes that a new trial is required in the interest of justice.

C. False Testimony

Next the defendant asserts that a loss prevention manager was an unreliable witness and that store video recordings he provided to law enforcement should have been excluded from the trial. (Doc. No. 234: Motion at 7-8). The defendant had a

---

[3] (Doc. No. 238: Trial Tr. at 202-204 (Jamie Smith), 214-216 (Michelle Grant); Doc. No. 239: Trial Tr. at 288, 290-291, 293-296 (Elizabeth Talley)

3

full and fair opportunity to cross-examine the manager about the presence or absence of a time stamps on the recordings and his memory of meetings with law enforcement to provide recordings he authenticated at trial. The defendant has not carried his burden to prove the testimony was perjured, United States v. Griley, 814 F.2d 967, 971 (4th Cir.1987); therefore, a new trial is not required in the interest of justice based on this claim.

D.   Prior Conviction

The defendant faults the Court for allowing the admission of his prior conviction for bank robbery. (Doc. No. 234: Motion at 8-9). The defendant was charged with possessing a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 18: Superseding Indictment at 3). He refused to stipulate to the fact of a prior qualifying conviction, which would have shielded the jury from knowing the nature of the crime. See Old Chief v. United States, 519 U.S. 172, 190-191 (1997) (defendant is entitled to admit felony-conviction status). That refusal opened the door to the government's introduction of the prior conviction to prove that element of the § 922(g)(1) charge. United States v. Richardson, 40 F.4th 858, 865-866 (8th Cir. 2022); see also United States v. Rhodes, 32 F.3d 867, 871 (4th Cir. 1994) ("when a defendant does not stipulate the fact of his prior conviction, the Government must prove it because it is an element of the [§ 922(g)(1)] offense"). Here, the proof was limited to the Judgment for one of his several felony convictions. (Doc. No. 238:

4

Trial Tr. at 136-139). Therefore, a new trial would not be in the interest of justice on this issue.

E.     Sufficiency of the Evidence

The defendant claims that he is entitled to a new trial because it is more likely than not that no reasonable juror would have convicted him on the evidence presented. (Doc. No. 244: Supplemental Motion at 1). Credible testimony and admitted exhibits tended to show that the defendant robbed two businesses within ten days and possessed a firearm. The robber of a Spectrum communications store propped the door with an umbrella before demanding money from the employees while displaying a handgun. The robber wore a black Nike hooded sweatshirt with a red tag near a sleeve cuff. The robber of a Publix grocery store demanded money from an employee while indicating that he had a gun. He was wearing a black toboggan and sweatshirt similar to the one in the Spectrum robbery. The store's manager watched the robber cross the street to a Lowe's home improvement store, where a video recording shows him tossing the black toboggan in the parking lot.

Lowe's employees recognized the defendant inside the store around the same time. When police searched the defendant's residence two days later, they found a black Nike hooded sweatshirt with a red tag near the cuff and a loaded Glock pistol. The pistol had traveled in interstate commerce and the defendant was then on supervised release for a felony. Testing established the highest level of support for including the defendant as contributing DNA found on the umbrella, toboggan, and

sweatshirt. Therefore, the evidence does not weigh heavily against the jury's verdict.

III. CONCLUSION

Having fully considered the defendant's Motion and Supplemental Motions for New Trial under Rule 33 of the Federal Rules of Criminal Procedure, the Court finds that a new trial is not in the interest of justice.

**IT IS, THEREFORE, ORDERED** that the defendant's Motions, (Doc. Nos. 234, 244, 250, 257), are **DENIED**.

Signed: May 1, 2023

Robert J. Conrad, Jr.
United States District Judge