IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00086-RJC-DSC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN HENRY MOORE | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's pro se Motion for
Recusal,[1] (Doc. No. 256), the government's response, (Doc. No. 265), and the
defendant's reply, (Doc. No. 271).

The United States Court of Appeals for the Fourth Circuit recognized that
recusal would be required under 28 U.S.C. § 455(b)(1) if certain circumstances all
materialized: (1) the defendant's conviction of an offense triggering the federal
three-strikes law, 18 U.S.C. § 3559(c)(1); (2) the government's continued pursuit of a
mandatory life sentence under that statute; and (3) the defendant's attempt to
prove his 1989 bank robbery conviction did not involve the use or threatened use of
a firearm or other dangerous weapon under the safety valve, 18 U.S.C. §
3559(c)(3)(A). (Doc. No. 50: Opinion at 8; Doc. No. 229: Opinion at 2).

The defendant was convicted of a qualifying offense. (Doc. No. 217: Verdict).
The government intends to pursue the mandatory life sentence. (Doc. No. 265:
Response at 1). The defendant contests the facts of the 1989 prior conviction. (Doc.
No. 271: Reply at 3-4). Although the Court has no actual bias against the

---

[1] The defendant waived representation by counsel. (Doc. No. 231: Order).

defendant, the circumstances detailed by the Fourth Circuit as requiring recusal have materialized.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 256), is **GRANTED**, and the Clerk of Court is directed to reassign this matter to another district judge for further proceedings.

Signed: May 15, 2023

Robert J. Conrad, Jr.
United States District Judge